HONG CHAUN LIN, Petitioner,

v.

Alberto R. GONZALES,[1] Attorney General, Respondent.

No. 04–5049–ag.

United States Court of Appeals, Second Circuit.

Jan. 27, 2006.

Hong Chaun Lin, New York, New York, for Petitioner, pro se.

John E. Gough, Jr., Assistant United States Attorney, Northern District of Mississippi (Jim M. Green, United States Attorney for the Northern District of Mississippi, David N. Kelley, United States Attorney for the Southern District of New York, on the brief), Oxford, Mississippi, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

Hong Chaun Lin petitions for review of an August 26, 2004 decision by the BIA affirming a July 2003 decision of an immigration judge ("IJ") denying his application for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the un-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for- mer Attorney General John Ashcroft as the respondent in this case.

derlying facts and procedural history of this case.

Where, as here, the BIA summarily affirms the IJ's opinion, this Court reviews the IJ's decision directly. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

■ Lin, an unmarried Chinese man with no children, seeks asylum not on the ground of past persecution by Chinese government family planning officials. He does not claim that he was subjected to or threatened with sterilization or any other coercive family planning measure. Rather, Lin's claim rests on the assumption that he may one day marry, have more than one child, and thus be subjected to such treatment if he were to return to China. Such speculative assumptions fail to present a concrete risk of future persecution.

■ The IJ's decision rejecting Lin's claim that, if returned to China, he would be persecuted for his illegal departure from China was supported by substantial evidence. Although Chinese law does provide for a sentence of imprisonment if a person illegally departs the country, the possibility that an individual may suffer prosecution for violating a generally applicable statute does not, by itself, constitute a valid basis for granting asylum. *See Qun Yang v. McElroy*, 277 F.3d 158, 163 n. 5 (2d Cir.2002) (per curiam).

Because Lin failed to establish his eligibility for asylum, the IJ properly concluded that Lin did not satisfy the heavier burden for withholding of removal. *See Zhou Yun Zhang*, 386 F.3d at 71. Be-

cause Lin did not on appeal brief the issue of the IJ's and BIA's denial of his CAT claim, he waived any challenge to the IJ's finding with respect to that issue. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

The petition for review is DENIED. Petitioner's pending motion for a stay of removal and respondent's motion to file an appendix are DENIED as moot.